# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-343V
Filed: March 18, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARVA ROSS, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Damages decision based on proffer;
flu vaccine; shoulder injury related
to vaccine administration; brachial
plexus injury; adhesive capsulitis

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clifford J. Shoemaker, Vienna, VA, for petitioner.
Lara A. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On May 21, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10–34 (2012), alleging that she suffered shoulder injury related to vaccine administration ("SIRVA"), brachial plexus injury, and/or adhesive capsulitis as a result of receiving influenza ("flu") vaccine on October 17, 2011. Pet., May 21, 2013, ECF No. 1. On August 30, 2013, respondent filed her Rule 4(c) Report, in which she conceded that petitioner's alleged injury is consistent with SIRVA and that petitioner's SIRVA was caused by the October

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

17, 2011, flu vaccination.  Resp't's Vaccine Rule 4(c) Report, Aug. 30, 2013, ECF No. 8.

    On March 17, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards petitioner a lump sum payment of **$102,701.21**, representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. §§ 300aa–15(a)(1); 15(a)(3)(B); and 15(a)(4).  The award shall be in the form of a check made payable to petitioner in the amount of **$102,701.21**.

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: March 18, 2014                                    /s/ Laura D. Millman
                                                               Laura D. Millman
                                                               Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MARVA ROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 13-343V |
| | ) Special Master Laura D. Millman |
| SECRETARY OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded

$102,701.21.  This amount represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(B); and §15(a)(4).  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as

lump sum payment of $102,701.21, in the form of a check payable to petitioner.  This amount

accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner

would be entitled.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-3013

DATED:  March 14, 2014